UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BROWN, et al., <br><br>       Plaintiffs, <br><br>    v. <br><br>PERMANENTE MEDICAL GROUP, INC., <br><br>       Defendant. | Case No. 16-cv-05272-VC <br><br>**ORDER GRANTING CONDITIONAL FLSA COLLECTIVE ACTION CERTIFICATION** <br><br>Re: Dkt. No. 16 |

      Debra Brown, Sandra Morton, and Barbara Labuszewski have moved for conditional certification of an FLSA collective and for approval to send notices to the potential collective action members.  *See* 29 U.S.C. § 216(b).  They allege Permanente Medical Group has not paid Advice Nurses working at three California call centers for the time that they have worked, including overtime.  The conditional certification motion is granted for the collective of: "All current and former hourly Advice Nurses who work or have worked for Defendant at any time from October 20, 2013 through judgment."[1]  The plaintiffs' request for authorization to send notices to potential members of the collective action is granted, subject to the discussion below.

      **Conditional Certification**

      At the initial conditional certification stage of FLSA collective actions, the court typically determines only whether the members of the proposed collective are "similarly situated," for the

---

[1] The plaintiffs originally sought to represent a collective including employees who worked for Permanente anytime since September 14, 2013.  They agreed in their reply brief that the appropriate date is October 20, 2013 based on the FLSA statute of limitations and their tolling agreement with Permanente.

purposes of authorizing notice.  *See Ramirez v. Ghilotti Bros., Inc.*, 941 F. Supp. 2d 1197, 1203 (N.D. Cal. 2013); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 837 (N.D. Cal. 2010).  This "fairly lenient standard" typically results in conditional certification being granted.  *See, e.g.*, *id.* at 837; *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 471 (E.D. Cal. 2010); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004).

The evidence of uniform policies and practices for Advice Nurses supports conditional certification in this case.  The plaintiffs said in their declarations that Permanente's policies lead to systematic underpayment at the beginning, middle, and end of shifts, and they supported the declarations with documents submitted with their reply, including policy manuals and a job description for Advice Nurses.  The plaintiffs said they were not paid for time they spent logging into software programs at the beginning of their shifts, preparing to resume taking calls at the end of meal breaks, and logging out of the software programs and finishing phone calls at the end of their shifts.  These underpayments allegedly resulted from Permanente's policies, including those submitted with the reply.  And the plaintiffs said Advice Nurses at the other call centers have confirmed that they have similar issues with uncompensated work in starting their shifts, at the meal break, and at the end of their shifts.

In response to the plaintiffs' declarations, Permanente submitted declarations from Permanente employees, corporate policy documents, and portions of the plaintiffs' depositions that it contends contradict the plaintiffs' declarations and complaint.  The corporate policy documents and arguments submitted by Permanente arguably further support the plaintiffs' contention that Advice Nurses are subject to uniform policies and training at the three California call centers.  Maybe it will turn out that these policies prevent underpayments to Advice Nurses, but they do not undermine collective action certification.

Permanente also points to some uncertainty in the plaintiffs' depositions about practices at the Vallejo and Sacramento call centers.  It would have been helpful to have declarations from nurses at the Vallejo and Sacramento call centers in support of this motion.  But the inability of the plaintiffs to remember who they talked with from the other call centers is not enough to show

that they are unaware of the practices at those call centers.  Nor do the limited differences in practices among call centers suggested in the Nursing Quality Forum notes show that the Advice Nurses are dissimilarly situated for the purposes of conditionally certifying a collective.

Finally, Permanente's request to exclude Morton and Labuszewski as representatives of the FLSA collective is denied.  Permanente argues that Morton and Labuszewski worked part time, and only Brown worked full time.  Permanente's classification of employees as full time or part time is not dispositive of the FLSA claims.  The question is the hours that the plaintiffs actually worked.  All of the plaintiffs said in their declarations that Permanente did not fully compensate them for working more than eight hours in a day or forty hours in a week during some weeks.  *Cf. Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 556 (S.D.N.Y. 2013) (A plaintiff "testified that he never worked more than 40 hours per week.").

Conditional certification is therefore granted, for the purposes of providing notice of this case to the potential members of the collective.  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

**Notice**

In briefing this motion, the parties resolved many of their disagreements about the notice to provide to the collective.  Counsel shall confer about their remaining differences in light of this order and submit, within seven days of this ruling, either an agreed-upon notice and reminder postcard or a discovery letter including proposed notices and a redline comparing them.  In addition:

- Effective notice requires reaching the members of the collective.  *See id.* at 170; *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 539 (N.D. Cal. 2007).  Permanente shall therefore provide a list of all potential members of the collective within fourteen days of this order, in the form requested by the plaintiffs.
- The opt-in period shall be sixty days from when the approved notice is sent to the collective.
- The notice may include the case caption, since it is followed by a statement of judicial

neutrality.  *See id.* at 540.  The statement of judicial neutrality should be in bold font.

- The notice need not include a detailed statement of Permanente's defenses, though it must include the statement that Permanente denies all liability.

**IT IS SO ORDERED.**

Dated: February 2, 2017

VINCE CHHABRIA
United States District Judge