1

*(Counsel listed on next page)*

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

12

DEBRA BROWN, SANDRA MORTON, and BARBARA LABUSZEWSKI, individually and on behalf of all other similarly situated individuals,

13

14

Plaintiffs,

15

v.

16

THE PERMANENTE MEDICAL GROUP, INC., a California corporation,

17

18

Defendant.

No. 3:16-CV-05272-VC

**NOTICE OF JOINT MOTION AND JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT; MEMORANDUM IN SUPPORT OF JOINT MOTION**

Date:        October 5, 2017
Time:        10:00 a.m.
Courtroom:   4, 17th Floor
Judge:       Hon. Vince Chhabria

19

20

21

22

23

24

25

26

27

28

1   Jahan C. Sagafi (Cal. State Bar No. 224887)
    OUTTEN & GOLDEN LLP
2   One Embarcadero Center, 38th Floor
    San Francisco, California 94111
3   Telephone: (415) 638-8800
    Facsimile: (415) 638-8810
4   jsagafi@outtengolden.com

5   Kevin J. Stoops (admitted *pro hac vice*)
    Jesse L. Young (admitted *pro hac vice*)
6   Jason J. Thompson (admitted *pro hac vice*)
    SOMMERS SCHWARTZ, P.C.
7   One Towne Square, Suite 1700
    Southfield, Michigan 48076
8   Telephone: (248) 355-0300
    Facsimile: (248) 436-8453
9   kstoops@sommerspc.com
    jyoung@sommerspc.com

10

11  *Attorneys for Plaintiffs and proposed*
    *Collective and Class Members*

12  Jeffrey D. Wohl (Cal. State Bar No. 096838)
    Caitlin M. Wang (Cal. State Bar No. 311901)
13  PAUL HASTINGS LLP
    101 California Street, 48th Floor
14  San Francisco, California 94111
    Telephone: (415) 856-7000
15  Facsimile: (415) 856-7100
    jeffwohl@paulhastings.com
16  caitlinmarianwang@paulhastings.com

17  *Attorneys for Defendant*
    *The Permanente Medical Group, Inc.*

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

*Page*

Table of Authorities ........................................................................................................ ii

NOTICE OF MOTION AND MOTION ............................................................................. 1

MEMORANDUM IN SUPPORT OF MOTION ................................................................. 1

I.      INTRODUCTION/SUMMARY OF ARGUMENT ..................................................... 1

II.     BACKGROUND ..................................................................................................... 2

    A.      The Litigation ................................................................................................. 2

    B.      Preliminary Approval of the Settlement ......................................................... 3

    C.      The Settlement Class ...................................................................................... 3

    D.      The Settlement ............................................................................................... 3

    E.      Notice Process ................................................................................................ 4

III.    THE SETTLEMENT SHOULD BE GRANTED FINAL APPROVAL ..................... 5

    A.      All Appropriate Notice of the Settlement Has Been Provided ......................... 5

        1.      The Best Practicable Notice of Settlement Has Been Provided to the Class. ........ 5

        2.      The CAFA and PAGA Notice Requirements Have Been Satisfied. .................... 6

    B.      Final Approval Standards under Rule 23 and the FLSA ................................... 7

    C.      The Settlement Is Presumptively Fair Because No Class Members Have Objected to the Settlement, Significant Discovery Has Been Conducted, Experienced Class Counsel Recommend the Settlement, and the Settlement Is the Product of Arm's Length Negotiations ........................................................................................... 8

        1.      There Were No Objections and Only 13 Requests for Exclusion. ....................... 9

        2.      The Parties Engaged in Substantial Investigation and Analysis of the Legal Issues. ........................................................................................................... 9

        3.      The Recommendations of Experienced Class Counsel Favor Approval of the Settlement ................................................................................................... 10

        4.      The Parties Participated in Arm's Length Negotiations Before an Experienced Neutral Mediator. ......................................................................................... 10

        5.      The Settlement Provides Substantial, Certain Benefits and Avoids the Risk, Cost, Delay, and Burden of Further Litigation. ....................................... 11

            a.      The Value of the Settlement Favors Final Approval. ........................... 11

            b.      Further Litigation Would Involve Risk, Expense, Delay, and Burden on Class Members. ............................................................................ 11

IV.     CONCLUSION ..................................................................................................... 13

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Boyd v. Bechtel Corp.*,
   485 F. Supp. 610 (N.D. Cal. 1979) ........................................................................8, 10

*Chun-Hoon v. McKee Foods Corp.*,
   716 F. Supp. 2d 848 (N.D. Cal. 2010) ...........................................................................9

*City of Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974) ...........................................................................................11

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) .....................................................................................1, 7

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) ........................................................................................................6

*Ellis v. Naval Air Rework Facility*,
   87 F.R.D. 15 (N.D. Cal. 1980) ................................................................................8, 10

*Garner v. State Farm Mut. Auto. Ins. Co.*,
   No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. Apr. 22, 2010) ...................6

*Greko v. Diesel U.S.A., Inc.*,
   No. 10-cv-02576 NC, 2013 WL 1789602 (N.D. Cal. Apr. 26, 2013) .................................11

*Gutilla v. Aerotek, Inc.*,
   No. 1:15-cv-00191-DAD-BAM, 2017 WL 2729864 (E.D. Cal. Mar. 22, 2017) ...............6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ...........................................................................7, 10, 11

*Hughes v. Microsoft Corp.*,
   No. C98-1646C, 2001 U.S. Dist. LEXIS 5976 (W.D. Wash. Mar. 26, 2001) ...................10

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) .......................................................................................11

*Lynn's Food Stores, Inc. v. U.S.*,
   679 F.2d 1350 (11th Cir. 1982) .......................................................................................7

*M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*,
   671 F. Supp. 819 (D. Mass. 1987) ..................................................................................8

*Mandujano v. Basic Vegetable Prods., Inc.*,
   541 F.2d 832 (9th Cir. 1976) ...........................................................................................9

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) .........................................................................................10

*Mora v. Harley-Davidson Credit Corp.*,
   No. 1:08-CV-01453-BAM, 2014 WL 29743 (E.D. Cal. Jan. 3, 2014) ...........................11

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ........................................................................................................6

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ....................................................................................9

ii

# TABLE OF AUTHORITIES
*(cont'd)*

*Page(s)*

*Officers for Justice v. Civil Serv. Comm'n*,
   688 F.2d 615 (9th Cir. 1982) ...........................................................................7, 11

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999)...................................................................................................8

*In re Pacific Enters. Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995) ...................................................................................10

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985)...................................................................................................5

*Rodriguez v. West Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) .................................................................................10

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ...............................................................................1, 7

*Thieriot v. Celtic Ins. Co.*,
   No. C 10-04462 LB, 2011 WL 1522385 (N.D. Cal. April 21, 2011)...................11

*Tijero v. Aaron Bros., Inc.*,
   301 F.R.D. 314 (N.D. Cal. 2013).............................................................................10

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) .......................................................................................7

**Statutes, Regulations and Rules**

28 U.S.C. § 1715 ...............................................................................................................6

29 U.S.C. § 201 ........................................................................................................ *passim*

Cal. Bus. & Prof. Code § 17200 .......................................................................................2

Cal. Lab. Code
   § 221.................................................................................................................................2
   § 223.................................................................................................................................2
   § 226.................................................................................................................................2
   § 226.7..............................................................................................................................2
   § 510.................................................................................................................................2
   § 512.................................................................................................................................2
   § 1194...............................................................................................................................2
   § 1198...............................................................................................................................2
   § 2698..........................................................................................................................2, 6
   § 2699(i)(2).......................................................................................................................6
   § 2699(i)(4).......................................................................................................................6
   § 2802...............................................................................................................................2

Fed. R. Civ. P.
   R. 23..................................................................................................................1, 2, 7, 12
   R. 23(a)...........................................................................................................................12
   R. 23(b)(3)......................................................................................................................12
   R. 23(e)..............................................................................................................................7
   R. 23(e)(2).........................................................................................................................1

JOINT MOTION FOR FINAL APPROVAL OF
SETTLEMENT, MEM. ISO MOTION
U.S.D.C., N.D. Cal., No. 3:16-CV-05272-VC

LEGAL_US_W # 91178334.3

# TABLE OF AUTHORITIES
### (*cont'd*)

*Page(s)*

IWC Wage Order 4 ....................................................................................................................2

**Secondary Authorities**

*Manual for Complex Litigation (Third)* (Fed. Judicial Center 1995) § 30.42 ...........................................10

*Manual for Complex Litigation (Fourth)* (Fed. Judicial Center 2004) § 21.6 .............................................7

LEGAL_US_W # 91178334.3

## NOTICE OF MOTION AND MOTION

To the Clerk of Court and all interested parties:

PLEASE TAKE NOTICE THAT on Thursday, October 5, 2017, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 4 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, before the Honorable Vince Chhabria, plaintiffs Debra Brown, Sandra Morton, and Barbara Labuszewski, on behalf of themselves and all those similarly situated ("Class Members"), and defendant The Permanente Medical Group, Inc., hereby jointly do and will move the Court to grant, pursuant to Federal Rule of Civil Procedure 23, final approval of the Parties' Collective/Class Action Settlement Agreement (the "Settlement") (ECF 89-1), and entry of judgment in accordance with the Settlement; and (2) to grant, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), final class certification and collective action designation of the settlement Class certified in the Preliminary Approval Order (ECF 98).

The parties make this motion on the grounds that the Settlement was reached after arm's length negotiations by counsel for plaintiffs and the Class and counsel for defendant, is fair and reasonable, has drawn a favorable response from the Class, and should be given final approval by the Court for all the reasons set forth in the following memorandum in support of the motion.

The motion is based on this notice of motion and motion; the following memorandum in support of the motion; the accompanying declarations of Kevin J. Stoops, Jeffrey D. Wohl, and Lindsay Kline in support of this motion and proposed order granting the motion; all matters of which the Court may take notice; and any oral and documentary evidence presented at the hearing on the motion.

///
///
///
///
///
///
///

1

Dated:  August 31, 2017.

Respectfully Submitted,

2

/s/ *Kevin J. Stoops*

3

Kevin J. Stoops (admitted *pro hac vice*)
kstoops@sommerspc.com

4

Jesse L. Young (admitted *pro hac vice*)
jyoung@sommerspc.com

5

Jason J. Thompson (admitted *pro hac vice*)
jthompson@sommerspc.com

6

SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700

7

Southfield, Michigan 48076
Telephone: (248) 355-0300

8

Facsimile: (248) 436-8453

9

Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com

10

OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor

11

San Francisco, California 94111
Telephone: (415) 638-8800

12

Facsimile: (415) 638-8810

13

*Attorneys for Plaintiffs and*
*Proposed Class and Collective Members*

14

15

/s/ *Jeffrey D. Wohl*

16

Jeffrey D. Wohl (Cal. State Bar No. 096838)
jeffwohl@paulhastings.com

17

Caitlin M. Wang (Cal. State Bar No. 311901)
caitlinmarianwang@paulhastings.com

18

PAUL HASTINGS LLP
101 California Street, 48th Floor

19

San Francisco, California 94111
Telephone: (415) 856-7000

20

Facsimile: (415) 856-7100

21

*Attorneys for Defendant*
*The Permanente Medical Group, Inc.*

22

23

24

25

26

27

28

1

**MEMORANDUM IN SUPPORT OF MOTION**

2

**I.      INTRODUCTION/SUMMARY OF ARGUMENT**

3

Plaintiffs Debra Brown, Sandra Morton, and Barbara Labuszewski ("Plaintiffs"), and defendant

4

The Permanente Medical Group, Inc. ("TPMG"), request that this Court grant final approval of their

5

class action settlement (the "Settlement").  The Settlement resolves litigation over Plaintiffs' and Class

6

Members' claims that TPMG violated the Fair Labor Standards Act ("FLSA") and California wage-and-

7

hour laws by failing to pay Plaintiffs and the Class Members for pre- and post-shift work performed off

8

the clock.  The Settlement is the product of arm's length negotiations by experienced counsel, after

9

significant investigation, and recognition of the strengths and weaknesses of each side's positions.

10

The Settlement, in the amount of $6,255,000, readily satisfies the Rule 23 standard of being

11

"fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  The Class has responded overwhelmingly

12

favorably to the settlement.  (Declaration of Kevin Stoops in Support of Final Approval of Class

13

Settlement ("Stoops Decl."), ¶ 31); Declaration of Lindsay Kline Regarding Settlement Administration,

14

("Kline Decl."), ¶¶ 15-17; Exh. B.)  The objection and exclusion period closed on August 25, 2017.  No

15

objections were made to the Settlement.  (Kline Decl., ¶ 16.)  And, only 13 opt-out requests were

16

received out of the 1,397 Class Members who received notice of the Settlement.  (*Id.*, ¶ 15, 17; Exh. B.)

17

Furthermore, Class Counsel (who are highly experienced handling complex wage-and-hour class

18

and collective actions) have conducted sufficient discovery to enable them to adequately evaluate the

19

claims and defenses in the action.  (Stoops Decl., ¶¶ 13-15.)

20

Lastly, the Settlement is in line with the strengths and weaknesses of Plaintiffs' claims given the

21

risk, expense, complexity, and likely duration of further litigation.  *See Staton v. Boeing Co.*, 327 F.3d

22

938, 959 (9th Cir. 2003); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

23

In connection with requesting final settlement approval, Plaintiffs also request that the Court

24

confirm as final:  (1) the certification of the Class certified in its Preliminary Approval Order; (2) the

25

designation of the case as a collective action under the FLSA as preliminarily designated in that Order;

26

and (3) the appointment of Plaintiffs as the Class Representatives and of Plaintiffs' Counsel as Class

27

Counsel as initially provided in that Order ("Class Counsel").

28

///

## II.     BACKGROUND

### A.     The Litigation

This case is an FLSA collective action and Rule 23 California state law class action for unpaid wages related to alleged off-the-clock work performed by Plaintiffs and other telephone Advice Nurses who worked in call center operations maintained by TPMG in San Jose, Sacramento, and Vallejo, California.   Plaintiffs alleged that TPMG failed to pay its Advice Nurses for off-the-clock time spent: (1) at the beginning of each shift in connection with starting-up and logging into the computers, systems and programs utilized during their shift; (2) during their meal period in connection with logging back into TPMG's computers and timekeeping systems; and (3) at the end of each shift in connection with shutting-down and logging out of said computers, applications, systems and phone systems.   Plaintiffs' Complaint asserted the following claims:

| | |
|---|---|
| Count I: | Violation of FLSA, 29 U.S.C. § 201, *et seq.*:  Failure to Pay Overtime Wages (Collective Action under the Fair Labor Standards Act) |
| Count II: | Violation of California Labor Code §§ 510, 1194, 1198 and IWC Wage Order 4: Failure to Pay Overtime (Rule 23 Class Action under California State Law) |
| Count III: | Violation of California Labor Code §§ 221 and 223 (Rule 23 Class Action under California State Law) |
| Count IV: | Violation of California Labor Code §§ 226.7 and 512:  Failure to Provide Meal Breaks (Rule 23 Class Action under California State Law) |
| Count V: | Violation of California Labor Code § 226:  Failure to Provide Accurate Wage Statements (Rule 23 Class Action under California State Law) |
| Count VI: | Violation of California Labor Code § 2802: Failure to Indemnify Employees' Expenses and Losses (Rule 23 Class Action under California State Law) |
| Count VII: | Violation of Business and Professions Code, § 17200, *et seq.* (Rule 23 Class Action under California State Law) |
| Count VIII: | Private Attorney General Act ("PAGA"): Violation of California Labor Code § 2698, *et seq.* |

(ECF 1.)

TPMG denies Plaintiffs' allegations in their entirety, denies any liability or wrongdoing of any kind associated with the claims alleged in this action and further denies that, for any purposes other than settling this action, class treatment is appropriate.

Plaintiffs filed this case on September 14, 2016.  On September 29, 2016 Plaintiffs filed their

Motion for Conditional Collective Action Certification of their FLSA overtime claim.  (ECF 16.)  In response, TPMG sought limited discovery which the Court granted.  The parties engaged in discovery including exchanging written discovery, document production, and taking the depositions of the three Named Plaintiffs.

On February 2, 2017 the Court granted Plaintiffs' Motion for Conditional FLSA Collective Action Certification (ECF 69), and gave Plaintiffs leave to issue notice to all Advice Nurses working in TPMG's San Jose, Sacramento, and Vallejo, California call-center locations since October 20, 2013.  To accommodate the Parties' desire to attend early mediation, the Court entered a Stipulated Order allowing the parties to delay issuance of FLSA notice until March 22, 2017.  (ECF 73.)

On March 8, 2017, the Parties attended an all-day mediation overseen by highly-experienced mediator David A. Rotman.  The mediation resulted in settlement in principle.  Over the next seven weeks, the parties negotiated the details of the settlement agreement and exhibits.

### B.   Preliminary Approval of the Settlement

On June 9, 2017, this Court granted preliminary approval of the Settlement, certified the Class, ordered that the Class be sent notice of the Settlement, and set a schedule for final approval.  (ECF 98.)  The Court determined that the Settlement "falls within the range of possible approval as fair, adequate and reasonable," as it "appears to be the product of arm's length and informed negotiations" between the parties, and appears "to treat all Class Members fairly."  (*Id.*, ¶ 2.)

### C.   The Settlement Class

As part of the Settlement and the Court's Preliminary Approval Order, the following Settlement Class was certified:

> All current and former hourly advice nurses who work or have worked for TPMG at one or more of its call centers located in Sacramento, San Jose or Vallejo, California, at any time from September 14, 2012, through the date on which the Court grants preliminary approval of the Settlement, excluding those individuals who already have resolved the claims asserted in the Action, whether by settlement or adjudication.

(ECF 98 at ¶ 4.)

### D.   The Settlement

The Settlement creates a non-reversionary common fund of $6,255,000.  (ECF 89-1 at p. 8.)  After deducting the Class Representative Service Awards, Class Counsel's Attorneys' Fees and

Litigation Expenses, the costs of settlement administration, and the payment to the LWDA, the remainder of the Settlement will be distributed to the Class Members who have not opted-out of the Settlement.  (*Id.*)  After all Court-approved deductions from the total settlement amount, it is estimated that a Net Settlement Amount of $3,914,208.11 will be available to pay the settlement shares of all Class Members.  (Kline Decl., ¶ 13.)

Settlement shares will be calculated based on the number of hours recorded by the Class Member while working as an hourly Advice Nurse in the Sacramento, San Jose, or Vallejo, California call centers during the class period.  For every day on which the Class Member worked at least eight hours, their share will be increased by a quarter hour.  (ECF 89-1 at p. 8-9.)  The Class Member's work hours will also be adjusted by a factor that is equal to the ratio of the Class Member's most recent hourly rate of pay as an Advice Nurse during the class period compared to the average most recent hourly base rate of pay of all Class Members during the class period.  A Class Member's Settlement Share will equal the Net Settlement Amount times the ratio of the number of his/her adjusted work hours to the total number of work hours of all Class Members.  (*Id.* at p. 9.)  The approximate range of settlement shares for participating Class Members is between $5.29 and $9,531.03, and the estimated average settlement share is $2,828.19.  (Kline Decl., ¶14.)  Funds from uncashed checks will be paid to the State of California Unclaimed Wages Fund.  (ECF 89-1 at p. 19.)

In exchange for their Settlement Share, participating Class Members will release TPMG from claims arising under California state law and the FLSA described in the Settlement Agreement.  (*Id.* at p. 20.)  The scope of these releases was fully described in the Court-approved Notice.  (ECF 94.)

**E.    Notice Process**

The procedures for giving notice to the Class Members, as set forth in the Settlement and ordered in the Preliminary Approval Order, have been properly followed.  (Kline Decl., ¶¶ 3-10.)  The Court directed that the proposed Class Notice and exclusion forms be sent to Class Members, in the manner specified by the Settlement, and by e-mail where possible.  (ECF 98.)

The Parties implemented the instructions of the Preliminary Approval Order in this regard.  On or about June 26, 2017, TPMG provided the Settlement Administrator, Simpluris, Inc., with a list of each Class Member's last known contact information and information adequate to calculate Class

Members' award allocations, including the number of weeks during which the Class Member worked, the hours they worked, and their rate of pay. (Declaration of Jeffrey D. Wohl in Support of Final Approval of Class Settlement ("Wohl Decl."), ¶ 4; Kline Decl., ¶ 6.) On July 11, 2017, the Settlement Administrator sent the Class Notice and exclusion forms to each of the 1,397 Class Members. (Kline Decl., ¶ 8.)

The Notice and the exclusion forms contained detailed information about the lawsuit, including the total amount of the settlement, the method by which the settlement funds would be allocated among the Class Members, and procedures for opting-out of or objecting to the settlement. (*See* ECF 94, Class Notice.) The Notice also provided contact information for Class Counsel and the Settlement Administrator. (*Id.*)

The Settlement Administrator followed accepted best practices to ensure that the Notice reached as many Class Members as feasible. (Kline Decl., ¶ 7-10.) The Settlement Administrator disseminated the Court-approved Notice to all Class Members by first class mail, using the National Change of Address ("NCOA") database to verify the accuracy of all addresses prior to sending the Notices. (*Id.*, ¶ 8.) The Settlement Administrator also ran traces on the addresses of any returned Notices to again search for an updated address using Accurint, a reputable research tool owned by Lexis Nexis. (*Id.*, ¶ 9.) The Settlement Administrator also maintained a toll-free telephone number and a website to provide Class Members with additional information. (*Id.*, ¶ 4.) Finally, the Settlement Administrator e-mailed the Notice to all Class Members for whom TPMG maintained e-mail addresses. (*Id.*, ¶ 10.)

No objections were made to the Settlement. (Kline Decl., ¶ 16.) And, only 13 opt-out requests were received out of the 1,397 Class Members who received notice of the Settlement. (*Id.*, ¶ 15.)

## III.   THE SETTLEMENT SHOULD BE GRANTED FINAL APPROVAL

### A.   All Appropriate Notice of the Settlement Has Been Provided

#### 1.   The Best Practicable Notice of Settlement Has Been Provided to the Class.

The mailing/e-mailing of the Class Notice and exclusion forms to Class Members, and the general administration of the notice process as described above, meets the requirements for the "best practicable" notice in this case as necessary to protect the due process rights of Class Members. (ECF 98; *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (provision of "best

JOINT MOTION FOR FINAL APPROVAL OF
SETTLEMENT, MEM. ISO MOTION
U.S.D.C., N.D. Cal., No. 3:16-CV-05272-VC

practicable" notice with description of the litigation and explanation of opt-out rights satisfies due process); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974) (individual notice must be sent to class members who can be identified through reasonable means); *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950) (best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections")).   Therefore, the Court may proceed to determine the fairness and adequacy of the Settlement, and order its approval, secure in the knowledge that all absent Class Members have been given the opportunity to participate fully in the opt-out, comment, and approval process.

### 2.    The CAFA and PAGA Notice Requirements Have Been Satisfied.

Although there is no governmental participant in this case, pursuant to 28 U.S.C. section 1715 (the Class Action Fairness Act ("CAFA")), TPMG provided notice of the Settlement to the Office of the Attorney General for the United States and the Office of the Attorney General for the States of Arizona, California, Florida, Georgia, Hawaii, Illinois, Michigan, New Mexico, Oregon, Texas, Virginia, and Washington.  (Wohl Decl. ¶ 6.)  "[A]lthough CAFA does not create an affirmative duty for either state or federal officials to take any action in response to a class action settlement, CAFA presumes that, once put on notice, state or federal officials will raise any concerns that they may have during the normal course of the class action settlement procedures."  *Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *14 (N.D. Cal. Apr. 22, 2010).  To date, no federal or state official has raised such concerns.  (Wohl Decl., ¶ 6.)

In addition, pursuant to California Labor Code section 2699(l)(2), (4) (the California Labor Code Private Attorneys' General Act ("PAGA")), TPMG submitted the proposed settlement to the Labor and Workforce Development Agency through its online portal.  (ECF 93 at ¶ 3.)  The LWDA has not commented on or objected to the settlement.  (Wohl Decl., ¶ 5.)  Accordingly, the parties' submission is satisfactory under PAGA.  *See, e.g., Gutilla v. Aerotek, Inc.*, No. 1:15-cv-00191-DAD-BAM, 2017 WL 2729864, at *3 (E.D. Cal. Mar. 22, 2017) (after reviewing parties' submission of proposed settlement to LWDA, finding PAGA settlement "fair, reasonable, and adequate in light of public policy goals of PAGA").

1    This lack of governmental objection to the Settlement further supports final approval.

2    **B.      Final Approval Standards under Rule 23 and the FLSA**

3    "[V]oluntary conciliation and settlement are the preferred means of dispute resolution,"
4    especially in complex class actions. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th
5    Cir. 1982). Class action lawsuits readily lend themselves to compromise because of the difficulties of
6    proof, the uncertainties of the outcome, and the typical length of the litigation. *Class Plaintiffs*, 955 F.2d
7    at 1276 (noting that "strong judicial policy [...] favors settlements, particularly where complex class
8    action litigation is concerned"). On a motion for final approval of a class action settlement under
9    Federal Rule of Civil Procedure 23(e), a court's inquiry is whether the settlement is "fair, adequate and
10   reasonable," recognizing that "'it is the settlement taken as a whole, rather than the individual
11   component parts, that must be examined for overall fairness.'" *Staton*, 327 F.3d at 952 (quoting *Hanlon
12   v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

13   Similarly, under the FLSA, a settlement that results in waiver of FLSA claims should be
14   approved where it is "enter[ed as part of] a stipulated judgment [approved by the court] after scrutinizing
15   the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).
16   A settlement is fair, adequate and reasonable, and therefore merits final approval, when "the interests of
17   the class are better served by the settlement than by further litigation." *Manual for Complex Litigation,
18   Fourth* (Fed. Judicial Center 2004), § 21.6 at 309.

19   When determining whether to grant final approval, "the court's intrusion upon what is otherwise
20   a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent
21   necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching
22   by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair,
23   reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. The court should
24   balance "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further
25   litigation; the risk of maintaining class action status throughout the trial; the amount offered in
26   settlement; the extent of discovery completed, and the state of the proceedings; the experience and views
27   of counsel [...] and the reaction of the class members to the proposed settlement." *Id.; see also Class
28   Plaintiffs*, 955 F.2d at 1291 (quoting *Officers for Justice*); *accord Torrisi v. Tucson Elec. Power Co.*, 8

JOINT MOTION FOR FINAL APPROVAL OF
SETTLEMENT, MEM. ISO MOTION
U.S.D.C., N.D. Cal., No. 3:16-CV-05272-VC

F.3d 1370, 1375 (9th Cir. 1993).  "The recommendations of plaintiffs' counsel should be given a presumption of reasonableness."  *Boyd v. Bechtel Corp.,* 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight.").

### C.    The Settlement Is Presumptively Fair Because No Class Members Have Objected to the Settlement, Significant Discovery Has Been Conducted, Experienced Class Counsel Recommend the Settlement, and the Settlement Is the Product of Arm's Length Negotiations

The Court should begin its analysis with a presumption that the Settlement is fair and should be approved, due to (1) the fact that no Class Members have objected to the Settlement, (2) the meaningful discovery conducted, (3) Class Counsel's significant experience in this kind of litigation, and (4) the arm's length negotiations before an experienced mediator.  *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 852 (1999) (holding that arm's length negotiations conducted by competent counsel after appropriate discovery are *prima facie* evidence that the settlement is fair and reasonable); *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 822 (D. Mass. 1987) ("Where, as here, a proposed class settlement has been reached after meaningful discovery, after arm's-length negotiation, conducted by capable counsel, it is presumptively fair.").  These factors are well satisfied here.

*First*, no objections were made to the Settlement.

*Second*, only 13 Class Members excluded themselves from the Settlement.  These Class Members amount to 0.93% of the 1,397 Class Members who were provided Notice.

*Third*, as discussed in more detail below, the Parties engaged in substantial discovery and a significant exchange of relevant information and data in advance of the Parties' mediation.  As a result of these efforts, Class Counsel had sufficient information to evaluate the strengths and weaknesses of the Class claims and defenses, whether to pursue litigation or settle, and the appropriate settlement value for the claims at issue.

*Fourth*, Class Counsel are highly experienced in wage-and-hour class action litigation.

*Finally*, the Settlement was reached only after arm's length, good-faith negotiations under the supervision of an experienced mediator, David Rotman.  The case has been zealously litigated by both

JOINT MOTION FOR FINAL APPROVAL OF
SETTLEMENT, MEM. ISO MOTION
U.S.D.C., N.D. Cal., No. 3:16-CV-05272-VC

sides.  There are no indicia of collusion.

For all these reasons, a presumption is appropriate that the class relief in the Settlement is fair.

### 1. There Were No Objections and Only 13 Requests for Exclusion.

No objections to the Settlement were made by 1,397 Class Members.  Even in cases where objections are made it is recognized that a small number of objections indicates a favorable class reaction.  *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (holding that in "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action[s] are favorable to the class members."); *see also Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832, 837-38 (9th Cir. 1976).

Moreover, only 13 Class Members—0.93%—opted out of the Settlement.  This overwhelmingly positive reaction of the class strongly supports final approval of the settlement.  *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 850 (N.D. Cal. 2010) (granting final approval where only 16 of 329 class members opted out, explaining that where exclusions and opt-outs are low, there is presumption of favorable class reaction).

### 2. The Parties Engaged in Substantial Investigation and Analysis of the Legal Issues.

Class Counsel have engaged in extensive investigation of the claims in this case and the Parties engaged in significant discovery.  (Stoops Decl., ¶¶ 13-15, 26.)  Class Counsel reviewed thousands of pages of documents produced by TPMG; interviewed numerous Class Members and opt-in plaintiffs regarding their job duties, hours worked, and other relevant information; and, along with Hemmings Morse, certified public accountants, analyzed detailed, individualized class member payroll and time record data to prepare a comprehensive damage analysis.  (*Id.*, ¶¶ 13-14, 22.)

In addition to extensive written discovery and the exchange of thousands of pages of documents, Class Counsel defended the depositions of each of the Named Plaintiffs.  (*Id.*, ¶¶ 13-14.)  The Parties also filed pre-trial motions, including a motion for FLSA conditional certification, and TPMG's motion for intra-district transfer.

Finally, the parties spent countless hours (on both legal research and damage analysis) preparing for and taking part in mediation.

In summary, the Parties engaged in substantial investigation and analysis of the legal issues in reaching a Settlement in this case. *Cf. In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (emphasizing that the touch stone of the analysis is whether "the parties have sufficient information to make an informed decision about settlement," including formal and informal discovery).

### 3. The Recommendations of Experienced Class Counsel Favor Approval of the Settlement.

The judgment of experienced counsel regarding the settlement is entitled to great weight. *Hanlon*, 150 F.3d at 1026; *Boyd*, 485 F. Supp. at 622; *Ellis*, 87 F.R.D. at 18. Reliance on such recommendations is premised on the fact that "parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (*quoting In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).

Here, counsel for both Parties endorse the Settlement as fair, adequate, and reasonable. Plaintiffs' Counsel and TPMG's Counsel each have extensive experience in prosecuting and litigating class action wage-and-hour suits like this one. (Stoops Decl., ¶¶ 24-27, 32; Wohl Decl., ¶¶ 2, 3.) The fact that qualified and well-informed counsel endorse the Settlement as being fair, reasonable, and adequate heavily favors this Court's approval of the Settlement.

### 4. The Parties Participated in Arm's Length Negotiations Before an Experienced Neutral Mediator.

As set forth above, a settlement is presumed fair if it was negotiated at arm's-length by experienced, competent counsel equipped with enough information to act intelligently. *See Tijero v. Aaron Bros., Inc.*, 301 F.R.D. 314, 324 (N.D. Cal. 2013) (where settlement reached after parties participated in private mediation, settlement was appropriate for final approval); *Hughes v. Microsoft Corp.*, No. C98-1646C, 2001 U.S. Dist. LEXIS 5976, at *20 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery.") (citing *Manual for Complex Litigation (Third)* (Fed. Judicial Center 1995) § 30.42).

The parties engaged in a lengthy, day-long mediation. (Stoops Decl., ¶¶ 26, 32.) Before the

mediation, the Parties submitted extensive mediation briefing, including detailed data analyses and assessments, and substantial evidence.  (*Id.*, ¶¶ 22, 26.)

> **5.**     **The Settlement Provides Substantial, Certain Benefits and Avoids the Risk, Cost, Delay, and Burden of Further Litigation.**

> **a.**     **The Value of the Settlement Favors Final Approval.**

The value of the Settlement—$6,255,000—is a fair and reasonable result, especially in light of the defenses raised by TPMG, including defenses based on the *de minimis* doctrine; preclusion of California state law claims under the collective bargaining agreement; and the propriety of class and collective certification.  (Stoops Decl., ¶¶ 20, 24, 32.)  Plaintiffs faced the very real possibility that if they proceeded to trial, they might obtain little, if any, recovery for the Class.

The Settlement is substantial, especially as its adequacy must be judged as "a yielding of absolutes and an abandoning of highest hopes [...]  Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation[.]"  *Officers for Justice*, 688 F.2d at 624 (citation omitted).  Accordingly, the "settlement is not to be judged against a [...] speculative measure of what *might* have been achieved."  *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (emphasis in original).  In the end, "[s]ettlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion."  *Hanlon*, 150 F.3d at 1027.  In addition, the Court should consider that the Settlement provides for payment to the Class now, rather than a speculative payment many years down the road.  *See generally City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).  Therefore, the $6,255,000 settlement amount is well within the range of reasonableness.

> **b.**     **Further Litigation Would Involve Risk, Expense, Delay, and Burden on Class Members.**

When a party continues to deny liability, there is an inherent risk in continuing litigation.  In *Thieriot v. Celtic Ins. Co.*, No. C 10-04462 LB, 2011 WL 1522385, at *5 (N.D. Cal. April 21, 2011), the district court approved a settlement agreement in which the defendant specifically denied liability, noting that such denial of liability illustrated the risk to continued litigation.  *See also Mora v. Harley-*

*Davidson Credit Corp.*, No. 1:08-CV-01453-BAM, 2014 WL 29743, at *4 (E.D. Cal. Jan. 3, 2014) (granting final approval to settlement agreement where defendant denied any liability); *Cf. Greko v. Diesel U.S.A., Inc.*, No. 10-cv-02576 NC, 2013 WL 1789602, at *4 (N.D. Cal. Apr. 26, 2013) ("[E]ven with a strong case, further litigation would be time-consuming and expensive… .").

Similarly here, TPMG continues to contest liability and the propriety of collective and class certification.  TPMG's denial of liability, paired with its diligent opposition to collective and class treatment, spotlight the risks of continued litigation and favor granting final approval to the proposed Settlement (Stoops Decl., ¶¶ 20-21.)

Moreover, this Rule 23 California class and FLSA collective action involves intricate legal and factual questions under federal and state law.  Litigating these complex claims would require substantial additional discovery and further pre-trial motions (including motions for certification and decertification), as well as the consideration, preparation, and presentation of voluminous documentary and testimonial evidence.  (Stoops Decl., ¶ 21.)  Trial itself would require the use of expert witnesses at the damages phase, and would involve numerous complex legal and factual issues.  (*Id*.)  Once liability had been established on a class-wide basis, Class Members might be required to testify at individual damages mini-trials.  (*Id*.)  As is typical with any case, but especially so with class actions, appeals would probably follow, with the result that payments to Class Members, if any, would likely occur only after several years of delay.  (*Id.*, ¶ 32.)  In contrast, the Settlement will yield a prompt, certain, and substantial recovery for the Class Members.  Such a result benefits the Parties and the court system.

### D.      The Court Should Grant Final Class Certification and Collective Action Designation

The Court previously certified the Class for Settlement purposes only pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and as a FLSA collective action.  (ECF 98.)  The Court ruled that, for purposes of the settlement, the Class meets the Rule 23 requirements as well as the FLSA collective action requirements.  (*Id.*)  The Court also appointed the named Plaintiffs as Class Representatives and Plaintiffs' Counsel as Class Counsel.  (*Id.*)  For these reasons, and the reasons set forth in the Parties' Joint Motion for Preliminary Approval, the Parties respectfully submit that the Court should grant final certification and collective action designation for purposes of settlement of this matter

1  and should confirm the appointment of the Class Representatives and Class Counsel.*

2  **IV.    CONCLUSION**

3         For the foregoing reasons, the parties respectfully request that the Court grant final approval of

4  the Settlement.

5         Dated:  August 31, 2017.                    Respectfully Submitted,

6                                                      /s/ *Kevin J. Stoops*

7                                                      Kevin J. Stoops (admitted *pro hac vice*)
                                                       kstoops@sommerspc.com
8                                                      Jesse L. Young (admitted *pro hac vice*)
                                                       jyoung@sommerspc.com
9                                                      Jason J. Thompson (admitted *pro hac vice*)
                                                       jthompson@sommerspc.com
10                                                     SOMMERS SCHWARTZ, P.C.
                                                       One Towne Square, Suite 1700
11                                                     Southfield, Michigan 48076
                                                       Telephone: (248) 355-0300
12                                                     Facsimile: (248) 436-8453

13                                                     Jahan C. Sagafi (Cal. Bar No. 224887)
                                                       jsagafi@outtengolden.com
14                                                     OUTTEN & GOLDEN LLP
                                                       One Embarcadero Center, 38th Floor
15                                                     San Francisco, California 94111
                                                       Telephone: (415) 638-8800
16                                                     Facsimile: (415) 638-8810

17                                                     *Attorneys for Plaintiffs and*
                                                       *Proposed Class and Collective Members*
18

19                                                     /s/ *Jeffrey D. Wohl*

20                                                     Jeffrey D. Wohl (Cal. State Bar No. 096838)
                                                       jeffwohl@paulhastings.com
21                                                     Caitlin M. Wang (Cal. State Bar No. 311901)
                                                       caitlinmarianwang@paulhastings.com
22                                                     PAUL HASTINGS LLP
                                                       101 California Street, 48th Floor
23                                                     San Francisco, California 94111
                                                       Telephone: (415) 856-7000
24                                                     Facsimile: (415) 856-7100

25                                                     *Attorneys for Defendant*
                                                       *The Permanente Medical Group, Inc.*
26

27  ─────────────────
    *      TPMG continues to contest liability and class certification but agrees that certification of the
28  Class is appropriate for Settlement purposes only.