UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BROWN, SANDRA MORTON, and BARBARA LABUSZEWSKI, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>THE PERMANENTE MEDICAL GROUP, INC., a California corporation,<br><br>Defendant. | No. 3:16-CV-05272-VC<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR ATTORNEYS' FEES, LITIGATION/SETTLEMENT ADMINISTRATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS AS MODIFIED**<br><br>Date: October 5, 2017<br>Time: 10:00 a.m.<br>Courtroom: 4<br>450 Golden Gate Avenue, 17th Floor<br>San Francisco, California 94102<br>Judge: Hon. Vince Chhabria |

On October 5, 2017, a hearing was held on the joint motion of plaintiffs Debra Brown, Sandra Morton and Barbara Labuszewski and defendant The Permanente Medical Group, Inc. ("TPMG"), and on the separate motion of Plaintiffs' and Class Counsel for Attorneys' Fees, Litigation Expenses, Settlement Administration Expenses, and Class Representative Service Awards. Kevin J. Stoops and Jason L. Thompson of Sommers Schwartz, P.C., and Jahan C. Sagafi of Outten & Golden LLP appeared for plaintiffs; and Jeffrey D. Wohl and Caitlin M. Wang of Paul Hastings LLP appeared for TPMG.

The parties have submitted their Settlement, which this Court preliminarily approved by its order entered on June 9, 2017. In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the motion of Plaintiffs' and Class Counsel for Attorneys' Fees, Litigation Expenses, Settlement Administration Expenses, and Class Representative Service Awards; the Memorandum and corresponding declarations and documents filed in support of that motion; Plaintiffs' and Class Counsel's Reply Brief in support of their motion for Attorneys' Fees, Litigation Expenses, Settlement Administration Expenses, and Class Representative Service Awards; the Memorandum and corresponding declarations and documents filed in support of that reply; and based on the entire record of this action; the Court HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Court has jurisdiction over the subject matter of this action, the Defendant, and the Class.

2. Notice of the requested award of attorneys' fees, reimbursement of litigation expenses, reimbursement of settlement administration expenses, and awards of class representative service payments was directed to Class Members in an reasonable manner, and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

3. Class Members and any party from whom payment is sought have been given the opportunity to object in compliance with Fed. R. Civ. P. 23(h)(2).

**Appointment of Class Representatives and Approval of Class Representative Awards**

4. The Court confirms as final the appointment of Debra Brown, Sandra Morton and Barbara Labuszewski as Class Representatives of the FLSA Collective and the California Rule 23 Class.

5. The requested Class Representative service awards of $10,000 each for Class Representatives Brown, Morton and Labuszewski, are fair and reasonable in light of the time and effort the Class Representatives expended for the benefit of the Class Members, as well as the risk accepted by initiating the litigation and publicly representing the Class. *See, e.g.*, *Stevens v. Safeway, Inc.*, No. 05 Civ. 01988, 2008 U.S. Dist. LEXIS 17119, at *34-37 (C.D. Cal. Feb. 25, 2008) ($20,000 and $10,000 to two class representatives); *Glass v. UBS Financial Services, Inc.*, 7 Case No. 06 Civ. 4068, 2007 WL 221862, at *16-17 (N.D. Cal. Jan. 26, 2007) ($25,000 each to four class representatives); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) ($50,000 to one class representative); *In Re Janney Montgomery Scott LLC Financial Consultant Litig.*, No. 06 Civ. 3202, 2009 U.S. Dist. LEXIS 60790, at *35-37 (E.D. Pa. July 16, 2009) ($20,000 each to three class representatives); *Wade v. Kroger Co.*, No. 01 Civ. 699, 2008 WL 4999171, at *13 (W.D. Ky. Nov. 20, 2008) ($30,000 each to multiple class representatives); *Wright v. Stern*, 553 F. Supp. 2d 337, 342 (S.D.N.Y. 2008) ($50,000 each to eleven class representatives ); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990) ($35,000-55,000 each to five class representatives). The Class Representatives have satisfied the criteria as set forth in *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). Under *Staton*, a service award request should be evaluated using "'relevant factors, includ[ing] the actions the Plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, … the amount of time and effort the Plaintiff expended in pursuing the litigation … and reasonabl[e] fear[s] of workplace retaliation.'" *Staton*, 327 F.3d at 977 (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)) (ellipses in original). Here, the Class Representatives' leadership of this action caused them personal exposure and potential adverse consequences with future employers, and their representation of the FLSA and state law Classes enhanced the case's value overall by increasing TPMG's potential exposure, tolling the statutes of limitations for those claims. Furthermore, Class Counsel attests that the Class Representatives were substantially involved throughout the litigation, educating Class Counsel regarding Class Members' job experiences and TPMG's policies and

-2-

Order Granting ATTORNEYS' FEES, LITIGATION/SETTLEMENT ADMINISTRATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS
U.S.D.C., N.D. Cal., No 3:16-CV-05272-VC

procedures. Accordingly, the Court approves payment of Class Representative service awards in the amount of $10,000 each to Debra Brown, Sandra Morton and Barbara Labuszewski.

**Appointment of Class Counsel; Approval of Class Counsel's Attorneys' Fees and Litigation Expenses**

6. The Court confirms as final the appointment of the following law firms and attorneys as class counsel ("Class Counsel") for the Rule 23 and FLSA Classes: Kevin Stoops and Jason Thompson of Sommers Schwartz, P.C., Jahan C. Sagafi of Outten & Golden LLP.

7. The Court finds and determines that Class Counsel's requested award of $1,876,500 in attorneys' fees, or 30% of the common funds, is reasonable under the percentage of the common fund method, as it is consistent with Ninth Circuit authority. *See*, *e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) (affirming award of 28% of $96.885 million common fund, while recognizing that the percentage of an award generally increases as the common fund decreases); *In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming award of 33% of $12 million common fund); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming award of 33.3% of $1.725 million fund); *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (surveying cases and stating, "in class action common fund cases the better practice is to set a percentage fee and that, absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%."). The Court reaches this conclusion based on attorneys' fees awards issued in similar wage and hour cases in this District, and the fact that the common fund of $6,255,000 was created for Class Members through the efforts of Class Counsel. *See Boyd v. Bank of Am. Corp.*, No. 13 Civ. 0561, 2014 WL 6473804, at *9 (C.D. Cal. Nov. 18, 2014) (approving fee award of 36% of common fund settlement); *In re Quantum Health Res., Inc.*, 962 F. Supp. 1254, 1258 (C.D. Cal. 1997) (attorneys representing a class "routinely recover attorneys' fees in the range of 20 to 40 percent of the common fund"); *see also Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (33.3% fee award; $300,000 common fund) (collecting cases).

8. The requested fee award is also reasonable under the lodestar method. The hours devoted to this case by Class Counsel and their rates are reasonable. The award results in a multiplier of approximately 3.0, which falls within the range of fee multipliers courts routinely approve, and is

-3-

Order Granting ATTORNEYS' FEES,
LITIGATION/SETTLEMENT ADMINISTRATION
EXPENSES, AND CLASS REPRESENTATIVE SERVICE
AWARDS
U.S.D.C., N.D. Cal., No 3:16-CV-05272-VC

reasonable in light of the time and labor required, the difficulty of the issues involved, the requisite legal skill and experience necessary, the results obtained for the Class, the contingent nature of the fee and risk of no payment, and the range of fees that are customary. Courts routinely approve similar or higher lodestar multipliers in comparable common fund cases. *See Vizcaino*, 290 F.3d at 1052-54; *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (affirming award with multiplier of 6.85); *see also* Newberg, *Attorney Fee Awards,* § 14.03 at 14-5 (1987) ("multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied."); *Rabin v. Concord Assets Group, Inc.*, No. No. 89 Civ. 6130 (LBS), 1991 WL 275757 (S.D.N.Y. 1991) (4.4 multiplier) ("In recent years multipliers of between 3 and 4.5 have become common.") (internal quotations and citations omitted); *In re Xcel Energy, Inc., Securities, Derivative & "'ERISA" Litig.*, 364 F. Supp. 2d 980, 998-99 (D. Minn. 2005) (approving 25% fee, resulting in 4.7 multiplier); *In re Aremissoft Corp. Sec. Litig.*, 210 F.R.D. 109, 134-35 (D.N.J. 2002) (approving 28% fee, resulting in 4.3 multiplier); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (approving 33.3% fee, resulting in "modest multiplier of 4.65"); *Di Giacomo v. Plains All Am. Pipeline*, Nos. 99-4137 & 99-4212, 2001 WL 34633373, at *10-11 (S.D. Fla. Dec. 19, 2001) (approving 30% fee, resulting in 5.3 multiplier); *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 198 (S.D.N.Y. 1997) (5.5 multiplier); *Roberts v. Texaco*, 979 F. Supp. 185 (S.D.N.Y. 1997) (5.5 multiplier); *Weiss v. Mercedes-Benz of N. Am., Inc.*, 899 F. Supp. 1297, 1304 (D.N.J. 1995) (9.3 multiplier), *aff'd*, 66 F.3d 314 (3d Cir. 1995).

9. For these reasons, the Court awards Class Counsel attorneys' fees in the amount of $1,876,500.

10. The Court finds and determines, pursuant to the terms of the Settlement, that within 7 days of receipt of the Total Settlement Amount from TPMG (which must be paid within 14 days of the Settlement becoming Final) the Settlement Administrator will wire transfer the attorneys' fee award of $1,876,500 to Sommers Schwartz, P.C., and Sommers Schwartz, P.C., will be responsible for distribution of fees to Class Counsel including Outten & Golden LLP.

11. The Court finds and determines that Class Counsel's request for reimbursement of litigation expenses in the amount of $52,715.52 is reasonable and is consistent with Ninth Circuit

-4-

Order Granting ATTORNEYS' FEES, LITIGATION/SETTLEMENT ADMINISTRATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS
U.S.D.C., N.D. Cal., No 3:16-CV-05272-VC

1 authority. The litigation expenses incurred by Class Counsel have been adequately documented and were reasonably incurred for the benefit of the Class. The Court finds that these litigation expenses are justified.

12. The Court finds and determines, pursuant to the terms of the Settlement, that within 7 days of receipt of the Total Settlement Amount from TPMG (which must be paid within 14 days of the Settlement becoming Final) the Settlement Administrator will wire transfer the fees expenses to Sommers Schwartz, P.C., and Sommers Schwartz, P.C., will be responsible for distribution of litigation expenses to Class Counsel including Outten & Golden LLP.

**Settlement Administration Expenses**

13. Settlement Administrator, Simpluris, Inc., has filed a declaration identifying the work it has performed and will perform in this matter and identifying its total invoice amount of $26,600.

14. The Court finds that these settlement administration expenses are fair and reasonable and appropriate in this case and awards reimbursement of that amount to Simpluris, Inc., from the Total Settlement Amount.

IT IS SO ORDERED.

Dated: October 11, 2017.

Vince Chhabria
United States District Judge

-5-

Order Granting ATTORNEYS' FEES, LITIGATION/SETTLEMENT ADMINISTRATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS
U.S.D.C., N.D. Cal., No 3:16-CV-05272-VC